FIELD, P.,
delivered the decree of the court as follows:
The court being of opinion that the claim set forth *in the plaintiffs’ bill • to the share of the estate of Benjamin Toler, which the testator, in the residuary clause of his will, bequeathed to Henry Toler, the father of the plaintiffs, was not barred either by lapse of time or the statutes of limitation, and if the cause had been properly matured for hearing, that the plaintiffs would have been entitled to a decree for the amount found due to them, respectively, upon a proper settlement of accounts, doth therefore adjudge, order and, decree, that the decree aforesaid of the said Circuit Superior Court be reversed and annulled, and that the appellees, Jesse Winn, late sheriff of Hanover county, committee of the estate of Mathew Toler, deceased, Chapman Johnson, administrator with the will annexed of Carter B. Page, dec’d, and Ellis G. Saunders, administrator of Wesley Saunders, dec’d, out of estates of their in-testates and testator in their hands, respectively, to be administered, and the appellees John W. Page, Benjamin Brand, Andrew Stevenson, Ellis G. Saunders, and Robert Peatross, out of their own chattels, do pay unto the appellants the costs expended by them in prosecuting their appeal aforesaid in this court. And it is ordered that the cause be remanded to the Circuit Court of Hanover county, with directions, after the cause shall be matured for hearing, to direct the taking of all necessary accounts to shew the amount due the plaintiffs respectively on account of the bequest in favor of Henry Toler by the residuary clause of the will of his father, Benjamin Toler,. dec’d, and to shew also what, by virtue, of the said clause, shall be due to the legal representative of Samuel Toler, dec’d, and such other accounts as the court shall deem necessary to shew who are bound for the payment of the same, and the extent of their liabilities respectively.
In taking these accounts, the account of Mathew Toler’s administration on the estate of Benjamin Toler, dec’d, made on the 20th of April,- 1811, by Billy Talley, John Anderson and D. Dickinson, jr., as modified by the County Court of Hanover, by the order of the *24th May, 1R15, is to be regarded as correct in substance up to that date, but the same is to be reformed by separating the personal estate from the proceeds of the sale of the real estate, and by crediting upon the account of the administration of the personal estate, as credits to the administrator, the amount of the debts paid by him, including the debt to Morris, and expenses of administration charged in the said settlement, including the amount of commissions allowed by the County Court to the administrator. For such balance as shall be found due on this account, the representatives of Mathew Toler, to the extent of assets received, should be held responsible, as should also the sureties in the administration bond of Mathew Toler, as administrator with the will annexed of Benj. Toler, dec’d, in case of a deficiency of assets of the said Mathew Toler to satisfy the same; but the sureties in that bond are not, in any state of circumstances, to be held responsible for the proceeds of the sale of the real estate of Benjamin Toler, dec’d, sold bj the said Mathew Toler as administrator.
Taking the settlement above referred to, when so reformed by separating the personal estate from the proceeds of the sale of the real estate, and applying the credits as above directed to the administration account of the personal estate, as the basis for settling a legatee account, a legatee account is to be taken to shew the amount due to the plaintiffs, respectively, and to the administrator of Samuel Toler, dec’d, under the residuary clause of the will of Benjamin Toler, dec’d, and to such others of his devisees as have not been paid. For the payment of which, the administrator of Mathew Toler, dec’d, is to be held responsible, and for such interest as may be rightfully chargeable thereon, to the extent of the assets of Mathew Toler, in a due course of administration, which were received by the administrator, which will make it necessary to have a settlement of Carter B. Page’s administration of Mathew Toler’s estate, and also the account of Chapman ^Johnson’s administration on the estate of Carter B. Page, dec’d — which accounts the Circuit Court is to direct to be taken. The assets of the estate of Mathew Toler, dec’d, are to be applied, first, to the payment o'f what may be found due on the account of Mathew Toler’s administration of the personal estate of Benjamin Toler, next, to the payment of the proceeds of the real estate conveyed by Mathew Toler, administrator of Benjamin Toler, to Benjamin Burch, and of the real estate conveyed by him to Thomas Christie, and such interest as may be due thereon, *681 and then to the payment of what shall be due of principal and interest for the purchase of the tract of land called “Goose-ponds.” The court being of opinion that the sale made by the said administrator was a fair sale, and was sold for a fair price, it ought to be confirmed, although the said Mathew Toler became the purchaser, thereof. But as the said Mathew Toler acquired by virtue of that purchase an equitable title only to the land, subject to be re-sold to raise the unpaid purchase money, the land, in the hands of the present holders, claiming under Mathew Toler, and having no better title thereto than Mathew Toler had, is liable to be re-sold to satisfy the balance of the purchase money, after the assets of Mathew Toler, received by his administrator, shall be exhausted; and, therefore, if after applying the assets of Mathew Toler as above directed, there shall remain a balance due of the purchase money, such balance is to be raised by a sale of so much of the “Goose-ponds” land as may be necessary for that purpose.
Hater in the term, the following addition was made to the decree:
For satisfactory reasons appearing to the court, it is ordered that the following addition be made to the decree entered herein, on the 28th day of January last, among other things, requiring Ch. Johnson, administrator of Carter B. Page, deceased, who was administrator of Mathew Toler, deceased, to render an account of the ^administration of said Page upon the estate of said Mathew Toler, that is to say: It is hereby declared that the court, in rendering that decree, did not intend to express any opinion upon the sufficiency or insufficiency of the voucher purporting to be a receipt of Thomas N. Walker, administrator de bonis non of Benjamin Toler, deceased, to Carter B. Page, for S3,673 65, and dated 13th June, 1822, to entitle Carter B. Page’s representative to a credit therefor in the settlement of the account to be taken under said decree; but intended to leave the questions, as to the genuineness of the voucher, its legal import and efficacy if proved, whether it purported to be a payment to T. N. Walker, as legatee or distributee of Mathew Toler, deceased, or to him as administrator de bonis non of Benjamin Toler, deceased ; and, if the latter, whether it was a payment legally valid and binding upon the legatees of B. Toler, deceased, open for the consideration and adjudication of the court below, if they should be presented in the form of exceptions to the commissioner’s report, or otherwise arise in the progress and proceedings of the cause in that court.
The other judges concurred.